IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JOSE LUIS HERNANDEZ MEDINA | § | |
| | § | |
| Plaintiff, | § | CAUSE NO. _____ |
| vs. | § | |
| | § | ADMIRALTY |
| MISS WINNIE, INC. AND EDWARD | § | |
| GARCIA, Sr. | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Plaintiff JOSE LUIS HERNANDEZ MEDINA (hereafter "Plaintiff") and files this Original Complaint against MISS WINNIE, INC. and EDWARD GARCIA, Sr. ("Defendants") and for causes of action, would respectfully show the Court the following:

### A. PARTIES

1. Plaintiff JOSE LUIS HERNANDEZ MEDINA, is an individual who resides in Matagorda County, Texas.

2. The Vessel is a commercial fishing vessel of 133,000 gross tons, built in 1996, which is owned, managed and/or operated by Defendants, LR/IMO No. 894076, Call Sign WCW9307.

3. Defendant MISS WINNIE, INC, is a domestic for-profit corporation doing business in Texas from a fixed place of business. **This Defendant may be served with process by and through its registered agent**, **The Chau Law Firm, P.C., 723 Main St, Ste. 1015, Houston, TX 77002.**

4. Defendant **EDWARD GARCIA, Sr.** is an individual who resides in Matagorda County, Texas, may be served with process at his place of business: **1 South 12th Street, Palacios, Texas 77465 or wherever he may be found.**

## B. JURISDICTION AND VENUE

6. The Court has jurisdiction over this lawsuit, pursuant to 28 U.S.C. §1331 and 1333, because the suit arises under the laws of the United States and involves admiralty and maritime jurisdiction. This case is brought pursuant to 28 U.S.C. §1333, the Federal Rules of Civil Procedure, the Supplemental Rules for Admiralty or Maritime Claims & Asset Forfeiture Actions and general maritime law.

7. Venue is proper in this District and Division, pursuant to 28 U.S.C. §1391 (c), the admiralty and maritime laws of the United States, and FED. R. CIV. P. 82.

## C. FACTS

8. This is a suit for personal injury and damages caused by the Defendants' negligence, pursuant to the provisions of 46 U.S.C. §30104, ("The Jones Act") and an action for maintenance and cure under the admiralty and maritime laws of the United States.

9. According to 46 U.S.C. §30104, "A seaman injured in the course of employment or, if the seaman dies from the injury, the personal representative of the seaman may elect to bring a civil action at law, with the right of trial by jury, against the employer. Laws of the United States regulating recovery for personal injury to, or death of, a railway employee apply to an action under this section."

10. Plaintiff alleges that at all times relevant to this lawsuit, he was in the course and scope of his employment for Miss Winnie, Inc. as a crewman onboard the shrimping vessel, *Miss Winnie*.

11. Plaintiff alleges that on or about June 21, 2015, the *Miss Winnie* was shrimping in the Gulf of Mexico off the coast of Louisiana when he was instructed to grease the fishing equipment.

12. Plaintiff alleges that greasing the equipment required him to climb a ladder on the mast of the boat so he could reach the outriggers and apply grease.

13. Plaintiff alleges that he climbed the ladder without any safety equipment to keep him from falling and without proper safety training on how to perform the job without injury from the Defendants.

14. Plaintiff alleges that after he climbed the ladder on the mast of the boat and greased the equipment, the boat was suddenly hit by a large wave which caused him to lose his grasp and footing.

15. Plaintiff alleges that he fell over twelve (12) feet and landed on the side of the boat before falling into the water where he had to rescued by other crewmembers.

16. Plaintiff alleges that after the incident, the boat captain telephoned Defendant Edward Garcia, Sr. and Plaintiff informed him of the incident and that he was injured.

17. Plaintiff alleges that although he was in tremendous pain and had suffered serious injuries in the fall, the *Miss Winnie* remained at sea for two days before returning to port, under specific instructions from the Defendant Edward Garcia, Sr.

18. Plaintiff alleges that after reaching shore, he was taken to the emergency room at Palacios Community Medical Center by his wife for medical treatment of his injuries.

19. Plaintiff alleges that he was diagnosed in the emergency room with multiple rib fractures, process fractures, a right shoulder injury and serious soft tissue injuries.

20. Plaintiff alleges that he was instructed by the emergency room doctors to follow up with a specialist for additional treatment.

21. Plaintiff alleges that Defendant Edward Garcia, Sr. gave him $140 so he could see a specialist but has provided no other financial assistance to the Plaintiff since the incident.

22. Plaintiff alleges that he saw a medical specialist who determined that Plaintiff suffered injuries to his neck, spine, and right shoulder, including a tear in the shoulder.

23. Plaintiff alleges that he has been unable to work since the incident due to his injuries.

24. Plaintiff alleges that he has not received proper medical treatment for his injuries because the Defendants have willfully failed to comply with their maintenance and cure obligations under general maritime and admiralty law.

### D. CAUSES OF ACTION

25. The allegations contained in all of the paragraphs of this complaint are hereby reaverred and realleged, for all purposes, and incorporated herein with the same force and effect as though set forth verbatim in the following causes of action.

### COUNT ONE: NEGLIGENCE

26. At all times relevant to this lawsuit, the Defendants owed Plaintiff a duty to exercise reasonable care for the safety of its employees and to exercise reasonable care under the circumstances. The Defendants breached its duty of care to the Plaintiff by committing one or more of the following acts or omissions through its agents, servants, and employees acting within the scope of their employment onboard the *Miss Winnie*, which together or separately constitute negligence:

A. Failing to provide a reasonably safe place for Plaintiff to work;

B. Negligently hiring, contracting, supervising, training, and/or retaining the persons or corporations responsible for the safety of crew on the Vessel;

C. Failing to observe, obey and enforce applicable safety regulations aboard the Vessel;

D. Failing to promulgate and enforce reasonable rules and regulations to insure the safety and health of crew aboard the Vessel;

E. Negligently maintaining the Vessel;

F. Failing to maintain the Vessel in a safe and reasonable manner and remedy known hazards or unsafe conditions on board the Vessel; and/or

G. Other acts of negligence that will be shown at trial.

### COUNT TWO: WILLFUL FAILURE TO PAY MAINTENANCE & CURE

27. Pursuant to general maritime and admiralty law, Plaintiff pleads a cause of action against the Defendants for willful failure to pay maintenance and cure.

28. Plaintiff alleges that he is a seaman and was injured while working onboard the *Miss Winnie* on or about June 21, 2015.

29. Plaintiff alleges that maintenance is intended to provide a sick or injured seaman with the cost of food and lodging, comparable to that provided on his vessel.

30. Plaintiff alleges that the doctrine of cure obligates employers to provide seamen with reasonable and necessary medical treatment and related expenses during convalescence.

31. Plaintiff alleges that the duty to pay for medical treatment includes the obligation to authorize or guarantee prior payment of all reasonable medical treatment.

32. Plaintiff alleges that the Defendants have not paid him any maintenance since the incident and, other than paying the initial consultation fee of $140.00 for a medical specialist, the Defendants have provided no cure.

33. Plaintiff alleges that the Defendants failure to provide him with maintenance and cure since the incident have created a financial hardship for him and his family, unnecessarily caused him pain and suffering due to lack of proper medical treatment and necessitated him hiring an attorney.

34. Plaintiff alleges that Defendant Edward Garcia, Sr. and his family operate the largest fleet of family-owned shrimping vessels in the United States with over 40 vessels and over 100 employees.

35. Plaintiff alleges that Defendant Edward Garcia, Sr. and his family-owned businesses are the main suppliers of shrimp and other seafood to major chains, including H.E.B. grocery stores and several restaurants, and thus have the financial ability to pay maintenance and cure, but have failed to do so and have failed to obtain insurance for this purpose.

36. Plaintiff alleges that the Defendants are well aware of their obligation to provide maintenance and cure to injured seaman because of prior injuries suffered by employees.

37. Plaintiff alleges that the Defendants have intentionally ignored multiple written and verbal communications from his retained attorneys attempting to obtain maintenance and cure payments for the Plaintiff, thus leading to the filing of this lawsuit.

38. Plaintiff alleges that the Defendants produced a falsified trip report which states Plaintiff was not injured during the June 21, 2015 incident on the *Miss Winnie* and contains a forgery of his signature.

39. Plaintiff requests damages caused by the Defendants' wrongful failure to pay maintenance and cure, including lost wages, pain and suffering endured by the Plaintiff while awaiting medical treatment, attorney's fees and punitive damages.

### COUNT THREE: VICARIOUS LIABILITY

40. Pursuant to general maritime and admiralty law, Plaintiff pleads a cause of action against the Defendant for vicarious liability.

41. At the time of the incident in question, and at all times relevant to the lawsuit, various unknown crewmembers were agents, servants, and/or employees of the Defendant and were acting in the course and scope of their employment with the Defendant in their operation and maintenance of the Vessel.

42. Pursuant to the doctrine of *respondeat superior*, the negligence of these unknown crewmembers in causing the fire and Plaintiff's damages is imputed to the Defendant.

### E. DAMAGES

43. As a proximate result of the Defendant's negligent conduct set forth above, Plaintiff sustained serious physical injuries, along with resulting pain and suffering, disability in the past and in the future, mental anguish, lost wages, loss of earning capacity, and reasonable and necessary medical expenses in the past and in the future.

### F. PRE-JUDGMENT AND POST-JUDGMENT INTEREST

44. Plaintiff seeks pre- and post-judgment interest in the maximum amount allowed by law.

### G. CONDITIONS PRECEDENT

45. Plaintiff alleges that all conditions precedent to his recovery have been performed or have occurred.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that he recover judgment of and from the Defendants for his actual damages in such amount as the evidence may show and this Court may determine to be proper, together with pre-judgment interest, post-judgment interest, costs of suit, attorney's fees and such other and further relief to which he may show himself to be justly entitled.

Dated: December 7, 2015

                              Respectfully submitted,

                              **THE GOURRIER LAW FIRM, PLLC**

By:   /s/  Joseph M. Gourrier
      JOSEPH M. GOURRIER
      Texas State Bar No. 24007258
      joseph@gourrierlaw.com
      530 Lovett Boulevard, Suite B
      Houston, Texas 77006
      Telephone: 713-533-9077
      Facsimile: 713-533-9376

**ATTORNEY FOR PLAINTIFF**